UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-337-GWU

JAMES H. MAYS, JR.,                                         PLAINTIFF,

VS.                  **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,               DEFENDANT.

## INTRODUCTION

James Mays brought this action to obtain judicial review of an unfavorable administrative decision on his application for Disability Insurance Benefits (DIB). The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.  Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.  Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.  Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. <u>Garner</u>, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. <u>Bowie v. Secretary</u>, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. <u>Cf. Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365, 367 (6th Cir. 1984); <u>King v. Heckler</u>, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. <u>Hardaway v. Secretary</u>, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. <u>Jones</u>, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

> whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In

such cases, the agency may be required to consult a vocational specialist.  Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Mays, a 52 year-old former equipment operator and motor vehicle officer with a high school education, suffered from impairments related to heart disease with a history of two heart attacks, depression and anxiety.  (Tr. 18-19).  While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 24).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 24-25).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 23).

The time period pertinent to this appeal is important.  Mays seeks a closed period of DIB from April 1, 1999 until March 1, 2002.  (Tr. 18).  The plaintiff left work as a vehicle enforcement officer in March of 1999 (Tr. 392) and returned to work as

a general laborer for the Laurel County Highway Department on March 2, 2002 (Tr. 166).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The Court notes that a denial decision was originally issued in this action on October 25, 2000.  (Tr. 117-125).  Mays appealed this denial to the Appeals Council.  Unfortunately, the file was lost and the case had to be remanded for a new administrative decision on January 13, 2004.  (Tr. 134-135).

The hypothetical question presented to Vocational Expert William Ellis[1] included an exertional limitation to light level work along with such non-exertional restrictions as an inability to ever climb ladders, ropes, or scaffolds and a need to avoid exposure to unprotected heights, dangerous or moving machinery, temperature extremes or excessive humidity.  (Tr. 402-403).  In response, the witness identified a significant number of jobs in the national economy which could still be performed.  (Tr. 403).  Therefore, assuming that the vocational factors considered by Ellis fairly depicted Mays's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

---

[1] Ellis testified at the administrative hearing held on September 7, 2000.

The hypothetical question fairly characterized Mays's condition as required by Varley.  With regard to the plaintiff's physical condition, no treating or examining source of record, including the staff at Christian Cardiology (Tr. 92-93), Dr. Vaqar Ali (Tr. 94-97, 106-107), and Dr. Stephen Kiteck (Tr. 100-101), identified the existence of more severe physical restrictions than those found by the ALJ.  These reports provide substantial evidence to support this portion of the administrative decision.  Mays also alleges a mental impairment.  During the relevant time period, the plaintiff was treated by Dr. Martin Siegel.  (Tr. 108-109).  In September of 2000, Dr. Siegel identified very severe mental limitations on a Mental Medical Assessment of Ability to do Work-Related Activities Form.  (Tr. 110-111).  The ALJ rejected the doctor's opinion as binding.  (Tr. 20).  Instead, the ALJ relied upon the opinion of a board-certified psychiatrist, Dr. Margaret Robbins, a medical advisor who reviewed the record and completed interrogatories submitted by the ALJ.  (Tr. 20-21).  This action would appear appropriate.

An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for his differing opinion.  Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994).  In the present action, Robbins gave a number of reasons why Dr. Siegel's assessment form was not well-supported.  The advisor opined that a sharp contrast existed between Dr. Siegel's assessment form, which indicated total disability, and the physician's treatment

records, which revealed a very positive response to treatment. (Tr. 367). The severe restrictions of the assessment were not supported by the overall treatment record. (Tr. 366-367). The advisor thought it significant that that medical record contained no further references to psychiatric problems after September, 2000. (Tr. 367). Particularly important was the lack of psychiatric medications being utilized in July of 2002 as indicated on the Discharge Summary from St. Joseph Hospital. (Id.). The claimant's activities were also said not to be consistent with one suffering from a severe mental impairment. (Id.). Under these circumstances, Dr. Robbins provides sufficient evidence to offset the opinion of Dr. Siegel.

James Deaton, a Licensed Clinical Social Worker, also completed an assessment form identifying very severe mental restrictions. (Tr. 112-113). Under the federal regulations, Deaton was not an "acceptable medical source" whose opinion would normally be binding on the ALJ. 20 C.F.R. Section 404.1513. Robbins noted a number of reasons why the restrictions contained in Deaton's assessment were not well supported by the treatment record, including the lack of any actual treating notes from the social worker. (Tr. 366-367). The ALJ adopted this reasoning in his opinion and rejected Deaton's opinion. (Tr. 20). This action was appropriate.

After review of the evidence presented, the undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the

06-337  Mays

defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 8th day of August, 2007.

Signed By:
*G. Wix Unthank*
**United States Senior Judge**

11